IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | Criminal Action No. 7:05-cr-112-1 |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| DARRYL VINEYARD JACKSON | ) | United States District Judge |

**MEMORANDUM OPINION**

Pending before the court is Darryl Vineyard Jackson's motion for a reduced sentence pursuant to Section 404(b) of the First Step Act of 2018. (Dkt. No. 66.) The motion is brief. It simply adopts a recently-filed addendum to the PSI and then requests that Jackson be sentenced "to 60 months on Count One, consistent with his earlier downward variance, to be followed [by] a consecutive sentence of 60 months on Count Eight." (Dkt. No. 66.) In that addendum, the United States Probation Office notes that it considers Jackson eligible for a reduction in sentence pursuant to the First Step Act and 18 U.S.C. § 3582(c)(1)(B). As described in more detail below, the addendum concludes that Jackson's mandatory minimum sentence and applicable guideline range have been reduced significantly as a result of the First Step Act and that he has already served more than the top end of the guideline range for his sentence. The United States has responded and states that if the court grants a reduction, it should modify Jackson's sentence on Count One to a sentence of time served, to be followed by four years of supervised release. (Dkt. No. 70.) The United States asks, however, that "the judgment be stayed up to 10 days to allow the Bureau of Prisons sufficient time to process the defendant's release." (*Id.* at 1.)

Neither party has requested a hearing, and Jackson has expressly waived one. Specifically, Jackson's motion states in its title that he is asking the court to adopt the reduced sentence recommendation "without a hearing." (Dkt. No. 66.) Additionally, in a reply filed on March 6, 2019, Jackson states that he agrees with the sentence recommended by the United States, *i.e.*, a

sentence of "not less than time served," to be followed by four years of supervised release. (Dkt. No. 71.)

## I. BACKGROUND

Jackson was charged in a nine-count indictment with various drug and firearm charges. (Dkt. No. 8.) Ultimately, he pleaded guilty to two of those counts: Count One, which charged him with conspiring to distribute and possess with intent to distribute more than 50 grams of cocaine base, in violation of 21 U.S.C. §§ 841(a) and 846; and Count Eight, which charged him with possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). At the time, because Jackson was convicted of a charge involving more than 50 grams of cocaine base, the penalties set forth in 21 U.S.C. § 841(b)(1)(A) applied, resulting in a statutory sentencing range of 10 years to life and a supervised release term of at least five years on Count One.

At sentencing, the court found Jackson responsible for 230.49 grams of cocaine base, resulting in a base offense level of 34 for Count One. He received a three-level decrease for acceptance of responsibility, resulting in a total offense level of 31. His criminal history category was a III, resulting in a guideline range on Count One of 135 to 168 months. The guideline range for Count Eight was 60 months, to be served consecutively to the sentence on Count One.

The sentencing judge varied downward and instead sentenced Jackson to the mandatory minimum sentence on Count One—120 months—plus a consecutive 60-month sentence on Count Eight, for a total term of imprisonment of 180 months. The court also imposed a five-year term of supervised release on each count, to be served concurrently. Jackson did not appeal. He later filed a number of motions seeking reductions in his sentence, but because he was sentenced to the mandatory minimum sentence, those motions were denied.

II.  DISCUSSION

Jackson now seeks relief under Section 404 of the First Step Act of 2018.  115 Pub. L. 391, § 404, 132 Stat. 5194 (enacted Dec. 21, 2018); *see also* 18 U.S.C. § 3582(c)(1)(B) (authorizing courts to modify a previously imposed sentence "to the extent otherwise expressly permitted by statute").  Section 404 effectively makes the provisions of the Fair Sentencing Act of 2010 retroactive to defendants who were sentenced prior to August 3, 2010, and it allows—but does not require—district courts to reduce the sentence of a defendant as if the sections of the Fair Sentencing Act were in effect at the time the defendant's offense was committed.  *See* First Step Act § 404(c).

As the parties agree, Jackson meets all the criteria to be eligible for a reduction under Section 404 of the First Step Act.  Specifically, his offense was committed before August 3, 2010, and the statutory penalties applicable to his offense were modified by Section 2 of the Fair Sentencing Act, which "reduced the statutory penalties for cocaine base offenses" in order to "alleviate the severe sentencing disparity between crack and powder cocaine." *United States v. Peters*, 843 F.3d 572, 575 (4th Cir. 2016).  As relevant here, Section 2 of the Fair Sentencing Act increased the quantity of cocaine base required to trigger the statutory penalties set forth in 21 U.S.C. § 841(b)(1)(A), from 50 grams to 280 grams.

Jackson was charged with 50 grams or more of cocaine base, and not at least 280 grams.  Thus, applying the Fair Sentencing Act retroactively to his case means he would no longer be subject to the statutory penalties of § 841(b)(1)(A), but would instead be subject to the penalties set forth in § 841(b)(1)(B).  Under that provision, Jackson's statutory sentencing range is 5 to 40 years and a supervised release term of 4 years to life.

Jackson's guideline range has also been lowered.  Specifically, as noted, Jackson's base offense level was based on 230.49 grams of cocaine base.  Applying the drug quantity guidelines in

3

effect now would establish a base offense level of 28, plus the three-level decrease for acceptance of responsibility, resulting in a total offense level of 25. His total offense level of 25 and criminal history category of III would result in a guideline range of 70 to 87 months on Count One. (*See* Addendum, Dkt. No. 65.)

Upon review of the record, the court agrees with the parties that a sentence reduction is warranted in Jackson's case. Because the parties agree that a sentence of "not less than time served" is appropriate, the court need not decide whether to impose a below-guidelines variance sentence, commensurate with the reduction he originally received, a sentence at the high end of the guideline range (87 months), or a sentence somewhere in between. Even if he received a sentence at the high end of the guideline range, his total sentence (in conjunction with the mandatory minimum sentence of 60 months on Count Eight) would be 147 months. He has already served 152 months, according to the Addendum.

Having considered the sentencing factors of 18 U.S.C. § 3553(a), then, and consistent with the agreement of the parties, the court concludes that a sentence of time served on Count One is an appropriate sentence. The court also will reduce Jackson's term of supervised release on Count One from five years to four years, as the court finds appropriate and as the parties agree. The court notes, though, that Jackson will continue to serve a five-year supervised release term on Count Eight, which is to run concurrent to his supervised release term on Count One.

### III.  CONCLUSION

For the foregoing reasons, this court will modify the defendant's sentence on Count One, under the First Step Act of 2018 and 18 U.S.C. § 3582(c)(1)(B), to a sentence of time served, to be followed by four years of supervised release. The remainder of his criminal judgment will remain unchanged. The effective date of the court's order shall be stayed for either the time it takes the

4

Bureau of Prisons to process the release of the defendant from custody, or ten days, whichever is less. An appropriate order will be entered.

The clerk is directed to provide a copy of this memorandum opinion and the accompanying order to all counsel of record, the United States Probation Office, and the United States Marshals Service, for delivery to the Bureau of Prisons.

Entered: March 7, 2019.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge