IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal No. 7:05-cr-00112 |
| v. | ) | |
| | ) | By:  Elizabeth K. Dillon |
| DARRYL VINEYARD JACKSON | ) | United States District Judge |

**MEMORANDUM OPINION AND ORDER**

Before the court is defendant Darryl Vineyard Jackson's motion for early termination of supervised release.  (Dkt. No. 74.)  The government opposes the request.  (Dkt. No. 76.)  The court finds that a hearing is not necessary to resolve Jackson's motion, which will be denied.

I.  BACKGROUND

Jackson was charged in a nine-count indictment with various drug and firearm charges. (Dkt. No. 8.)  Ultimately, he pleaded guilty to two of those counts: count one, which charged him with conspiring to distribute and possess with intent to distribute more than 50 grams of cocaine base, in violation of 21 U.S.C. §§ 841(a) and 846; and count eight, which charged him with possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c).  At the time, because Jackson was convicted of a charge involving more than 50 grams of cocaine base, the penalties set forth in 21 U.S.C. § 841(b)(1)(A) applied, resulting in a statutory sentencing range of 10 years to life and a supervised release term of at least five years on count one.

At sentencing, the court found Jackson responsible for 230.49 grams of cocaine base, resulting in a base offense level of 34 for count one.  He received a three-level decrease for acceptance of responsibility, resulting in a total offense level of 31.   His criminal history category was a III, resulting in a guideline range on count one of 135 to 168 months.  The

guideline range for count eight was 60 months, to be served consecutively to the sentence on count one.

The sentencing judge varied downward and instead sentenced Jackson to the mandatory minimum sentence on count one—120 months—plus a consecutive 60-month sentence on count eight, for a total term of imprisonment of 180 months.  The court also imposed a five-year term of supervised release on each count, to be served concurrently.  Jackson did not appeal.  He later filed a number of motions seeking reductions in his sentence, but because he was sentenced to the mandatory minimum sentence, those motions were denied.

On March 7, 2019, the court granted Jackson's motion for reduction of sentence pursuant to the First Step Act of 2018.  (Dkt. Nos. 72, 73.)  Jackson's prison sentence was reduced to time served.  The court also reduced Jackson's term of supervised release on count one to four years, to be served concurrently with his five-year term of supervised release on count eight.  (*Id.*)

## II.  ANALYSIS

Pursuant to 18 U.S.C. § 3583(e), a court may, after considering the factors set forth in 18 U.S.C. § 3553(a), terminate a term of supervised release at any time after the expiration of one year of supervised release if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice.  As at sentencing, courts consider several factors, including the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence imposed to afford adequate deterrence, and the need to protect the public from further crimes of the defendant.  § 3553(a).

Courts have discretion whether to grant early termination of supervised release, even when the conditions for termination are met.  *Folks v. United States*, 733 F. Supp. 2d 649, 651 (M.D.N.C. 2010).  In addition, the inquiry is broader than the individual's conduct.  *United*

*States v. Pregent*, 190 F.3d 279, 282–83 (4th Cir. 1999). "Circumstances that justify early discharge have included exceptionally good behavior that makes the previously imposed term of supervised release 'either too harsh or inappropriately tailored to serve' general punishment goals." *Folks*, 733 F. Supp. 2d at 651 (quoting *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)). Neither the passage of time nor full compliance with the terms of supervised release are sufficient bases to warrant early termination. *United States v. Ferris*, Case No. 5:14-cr-0008, 2021 WL 1588972, at *2 (W.D. Va. Apr. 22, 2021).

In support of his motion, Jackson states that he has been law-abiding and drug free since his release from prison. Jackson further states that he is interested in mentoring youth in his community, that he regrets lost time with his children and family, and that his "goal is to be a voice to those who think they are above the law and who truly do not understand that your freedom is truly a gift and should not be taken for granted." (Dkt. No. 74 at 2.) These are laudable sentiments and goals, and supervised release does not prevent him from pursuing these goals. The court is not persuaded, however, that the balance of Jackson's supervised release term should be eliminated. Jackson has served approximately three of his five years of his required term and has performed well under the imposed conditions. Given the seriousness of Jackson's offenses and the need for deterrence, the court finds that Jackson should continue serving his term of supervised release.[1]

## III. CONCLUSION

For the foregoing reasons, it is HEREBY ORDERED that Jackson's motion for early termination of supervised release (Dkt. No. 74) is DENIED. The clerk is directed to provide a

---

[1] This ruling does not preclude Jackson from pursuing early termination at a later time.

copy of this memorandum opinion and order to Jackson, to all counsel of record, and the United States Probation Office.

      Entered: May 16, 2022.


*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge